The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Arthur Eugene PINKEY,
Defendant–Appellant.

No. 86CA0006.

Colorado Court of Appeals,
Div. I.

Feb. 18, 1988.

Rehearing Denied March 24, 1988.

Certiorari Denied Sept. 6, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

HUME, Judge.

Defendant, Arthur Pinkey, appeals judgments of conviction for second degree burglary and theft. He challenges the sufficiency of the evidence to support the jury verdicts. Also, he contends the trial court erred by excluding evidence relevant to an informant's motive to fabricate and in admitting the victim's testimony that neither she nor her co-occupant had authorized anyone to enter their dwelling at the time of the burglary. We affirm.

■ We conclude from the record that the evidence, viewed in the light most favorable to the verdicts, was sufficient to support the jury's findings beyond a reasonable doubt. See People v. Gladney, 194 Colo. 68, 570 P.2d 231 (1977).

One Linwood was arrested while trying to pass travelers checks taken during the burglary. After his arrest, Linwood provided information which the police used to obtain a warrant to search an apartment for other property taken in the burglary. During this search, the police arrested defendant when he was found wearing a coat taken in the burglary.

At defendant's trial, Linwood did not testify but the court admitted testimony about the events leading to Linwood's arrest. Also, it allowed defendant to show by

cross-examination of police witnesses that while Linwood was arrested for a Class 4 felony offense, he was charged with only a Class 1 misdemeanor, and ultimately was allowed to plead guilty to a Class 2 misdemeanor.

 The court, however, precluded defendant's attempt to elicit testimony about the possible penalties for each of the three classes of offenses which Linwood potentially faced, and defendant asserts this limitation constitutes error. We disagree.

Although this testimony was arguably relevant to defendant's theory, supported by his own testimony, that Linwood was the real burglar who had a motive to shift blame to defendant, we conclude that the court did not err in excluding it. *Cf. People v. Collins*, 730 P.2d 293 (Colo.1986).

The trial court may properly exclude relevant evidence if its probative value is substantially outweighed by consideration of "undue delay, waste of time, or needless presentation of cumulative evidence." *See* CRE 403. This excluded testimony had little probative value beyond that already admitted. Admission of the excluded testimony would have opened the door to other evidence explaining the practical considerations tending to influence the prosecution's charging and bargaining decision and the court's sentencing discretion for each of the possible charges.

The court did not abuse its discretion in limiting cross-examination which would have injected collateral issues and unduly prolonged the proceedings. As noted in *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976), a trial court has the responsibility to assure that the "sideshow does not take over the circus."

 Defendant's contention that the court erred in admitting a co-occupant's testimony that neither she nor her spouse had authorized defendant's entry is without merit. This testimony was not an iteration of an out-of-court statement made by the husband; nor was it an iteration of nonverbal conduct intended by the husband to be communicative. It was therefore not a hearsay statement under CRE 801.

The judgments of conviction are affirmed.

PIERCE and CRISWELL, JJ., concur.